IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ELEISA K. JORDAN,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | |
| § | |
| **U.S. BANK HOME MORTGAGE, U.S.** § | Civil Action No. 1:18-cv-00197-LY |
| **BANK, N.A., MORTGAGE ELECTRONIC** § | |
| **REGISTRATION SYSTEMS, INC.,** § | |
| **MERSCORP HOLDINGS, INC., CMC** § | |
| **HOME LENDING, AQUA FINANCE, U.S.** § | |
| **DEPARTMENT OF HOUSING AND** § | |
| **URBAN DEVELOPMENT, FEDERAL** § | |
| **HOUSING ADMINISTRATION, AND** § | |
| **"UNKNOWN OWNERS"** § | |
| § | |
| **Defendant.** § | |

**DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP HOLDINGS, INC., AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP Holdings, Inc.[1], and U.S. Bank National Association[2] ("U.S. Bank") (collectively, "Defendants") file this Motion to Dismiss (the "Motion to Dismiss"), and respectfully show the Court as follows:

**I.
INTRODUCTION**

Plaintiff Eleisa K. Jordan ("Plaintiff") filed her *Verified Petition for Declaratory Relief to Quiet Title; and Motion for Emergency Temporary Restraining Order and In Support Thereof*

---

[1] MERSCORP Holdings, Inc. is the parent company of Mortgage Electronic Registration Systems, Inc. Plaintiff fails to allege any claims or target any allegations specifically to MERSCORP Holdings, Inc.

[2] Defendant U.S. Bank National Association is incorrectly sued in the names of "U.S. Bank, N.A." and "U.S. Bank Home Mortgage." U.S. Bank Mortgage is a division of U.S. Bank National Association.

**MOTION TO DISMISS**                                                        **PAGE 1**

(the "Complaint") to preclude the foreclosure of her home located at 2005 Santa Barbara Court, Round Rock, Texas (the "Property"). Plaintiff appears to primarily challenge the assignment of her purchase-money loan to U.S. Bank, Defendants' alleged refusal to "release their unlawful claims," and Defendants' refusal to "produce the wet ink signature on the original Note."

Purporting to rely on the "Quiet Title Act, 28 U.S.C. § 2409a," Plaintiff seeks to quiet title in the Property and—although not clear—may be attempting to allege claims for (1) violations of the Texas Debt Collections Act, (2) breach of the duty of good faith and fair dealing, and (3) violations of the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff's requested relief includes an injunction precluding foreclosure, a declaration that Defendants' claims to title are illegal and void, that the Court allow her time to "receive approval of her current pending loan modification application," and that the Court order Defendants to produce "certified and verifiable documentation" that reflects her consent for the loan. As shown below, however, Plaintiff's claims fail as a matter of law and this lawsuit should be dismissed with prejudice.

## II.
## BACKGROUND FACTS

While not a model of clarity, the gravamen of Plaintiff's Complaint appears to be her contention that "Defendants misdeeds and unlawful attempts to adversely possess" the Property have resulted in a "cloud" on her Property that she seeks to remove. *See* Complaint, ¶ 1. Plaintiff alleges that she obtained a purchase-money loan from Cornerstone Mortgage Company (the "Lender") in 2012. *See id.* ¶ 18 & Ex. A. She contends that U.S. Bank purports to be the assignee of her mortgage by assignment, but that its interest is invalid because: (1) it did not loan the money to Plaintiff; (2) MERS had no authority to assign the mortgage; and (3) U.S. Bank has not produced the wet-ink version of the note. *Id.* ¶¶ 25, 28–29, 38, 65. Plaintiff further vaguely contends that U.S. Bank failed to properly validate her debt and respond to correspondence that

she contends were Qualified Written Requests ("QWRs") under RESPA. *Id.* ¶¶ 26, 37. Finally, Plaintiff asserts that foreclosure cannot proceed because of the alleged unconstitutionality of Section 51.002 of the Texas Property Code and RESPA's dual-tracking regulations. *Id.* ¶¶ 54–57, 63, 73.

Importantly, the pertinent loan documents which Plaintiff references and relies on in the Complaint reflect that Plaintiff executed a Deed of Trust (the "Deed of Trust") on November 9, 2012, that secured a note in the principal amount of $238,920.00 in favor of the Lender on the Property. (Doc. 1-2 at 5–14). MERS is identified as the beneficiary of the Deed of Trust solely as nominee for the Lender and the Lender's successors and assigns. (Doc. 1-2 at 5.) On October 1, 2015, MERS, in its capacity as nominee for the Lender under the Deed of Trust, assigned the Deed of Trust to U.S. Bank (the "Assignment").[3] *See* **Ex. A**.

## III.
## ARGUMENT AND AUTHORITIES

**A.    STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). While the allegations need not be

---

[3] A true and correct copy of the Assignment from MERS to U.S. Bank is attached hereto and incorporated by reference as **Exhibit A**. The Assignment constitutes a public record filed in the official public records of Williamson County, Texas, and is referenced in the Complaint. *See* Complaint, ¶¶ 24–25. Thus, pursuant to Federal Rule of Evidence 201, Defendants respectfully request that the Court take judicial notice of the Assignment. *See* FED. R. EVID. 201(b); *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Torch Liquidating Tr. v. Stockstill,* 561 F.3d 377, 384 (5th Cir. 2009) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 677. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 678–79. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

The "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). A pro se litigant "acquires no greater rights than a litigant represented by a lawyer . . . ." *Id.* "Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure." *Id.* Thus, pro se litigants are expected to comply with the rules of pleading and

even a liberally construed pro se plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

**B.   ANY CLAIMS PREMISED ON THE ASSIGNMENT TO U.S. BANK OR THE ALLEGED FAILURE TO PRODUCE THE WET-INK NOTE FAIL AS A MATTER OF LAW**

The majority of Plaintiff's requested relief is premised on the contention that U.S. Bank lacks in interest in the Deed of Trust recorded against the Property as a result of the Assignment from MERS to U.S. Bank and that U.S. Bank failed to produce the wet-ink version of the Note. *See* Complaint ¶¶ 1, 25, 28–29, 38, 65.  However, long-standing Texas law and publicly recorded documents demonstrate that U.S. Bank is the current mortgagee under the Deed of Trust as evidenced by the Assignment.  Moreover, Plaintiff's show-me-the-note theory has been routinely and repeatedly rejected.  Consequently, Plaintiff's allegations related to an invalid assignment to U.S. Bank fail to state any claim as a matter of law.

**1.   The "show-me-the note" and "split-the-note" theories have been routinely rejected.**

As an initial matter, "[n]o provision exists in Chapter 51 of the Texas Property Code requiring a mortgagee or mortgage servicer to verify its status as an owner and/or holder of the note prior to conducting a foreclosure sale." *Perez v. Ocwen Loan Servicing, LLC*, No. 4:15-CV-1751, 2015 WL 7430920, at *3 (S.D. Tex. Nov. 20, 2015); *see also Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x 354, 356 (5th Cir. Sept. 25, 2013) ("Under Texas law, a mortgagee or mortgage servicer is permitted to foreclose on a house even without holding the note.").  Thus, Texas law has consistently held that status as a holder of a note is not required in order to foreclose on the security instrument securing the note.  *See, e.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013); *Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x 354, 356 (5th Cir. 2013) ("Under Texas law, a mortgagee or mortgage servicer is permitted to foreclose on a house even without holding the note."); *Wiley v. Deutsche Bank Nat'l Tr. Co.*, 539

F. App'x 533, 536 (5th Cir. 2013) (providing that "the beneficiary of the lien can be different from the holder of the note" and "[t]he party to foreclose need not possess the note itself").

Since *Martins*, the Fifth Circuit has reaffirmed its unequivocal rejection of the "split-the-the-note" and "show-me-the-note" theories. *See Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) ("A party does not need the original note bearing the wet-ink signature to foreclose."); *Casterline v. OneWest Bank, F.S.B.*, 537 F. App'x 314, 316 (5th Cir. 2013) (holding that the "split-the-note" theory has no merit under Texas law); *see also Crear v. JP Morgan Chase Bank N.A.*, No. 10-10875, 2011 WL 1129574, at *1 n.1 (5th Cir. Mar. 28, 2011) (observing even before *Martins* that "[t]he Texas Property Code provides that either a mortgagee or mortgage servicer may administer a deed of trust foreclosure without production of the original note"). As the Fifth Circuit and numerous other Texas courts have recognized, the note and the deed of trust constitute separate obligations and thus afford distinct remedies on each of the respective obligations. *Martins,* 722 F.3d at 255; *see also Helms v. Mortg. Elec. Registration Sys., Inc.,* No. H–11–3298, 2012 WL 43368, at *2 (S.D. Tex. Jan. 9, 2012) ("[E]ven if the note and the deed of trust became somehow separated, that does not affect the rights of the lien-creditor to foreclose based on the deed of trust."). "If so authorized by the deed of trust, MERS or its assigns may exercise its interests, including foreclosing on the property without being the holder of the note." *Wiley*, 539 Fed. App'x at 536.

Here, there is no question that U.S. Bank is the mortgagee, as the Assignment unequivocally reveals that MERS assigned the Deed of Trust to U.S. Bank. *See* **Ex. A;** TEX. PROP. CODE § 51.0025 (defining mortgagee); *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 757 (N.D. Tex. 2013). Therefore, contrary to Plaintiff's argument, U.S. Bank is not required to prove that it has possession of the original note in order to nonjudicially foreclose on the Property. *See,*

*e.g.*, *Martins* 722 F.3d at 253. Therefore, Plaintiff's claims premised on these arguments fail as a matter of law.

### 2. MERS unquestionably has authority to assign the Deed of Trust as a matter of Texas law.

Plaintiff's argument then focuses on MERS's alleged lack of authority to assign the Deed of Trust. *See* Complaint ¶ 28. The Fifth Circuit and Texas state courts, however, have repeatedly held that, when MERS assigns the deed of trust, the assignee has the authority to nonjudicially foreclose. *See, e.g.*, *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014) ("We have repeatedly rejected similar attempts to challenge an assignee's standing to foreclose under an assignment from MERS."); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("MERS and its assigns [are permitted] to bring foreclosure actions under the Texas Property Code."); *Martins*, 722 F.3d at 253 (5th Cir. 2013); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *5 (Tex. App.—Austin Aug. 30, 2012, pet. denied) ("When MERS executed the assignment to BAC, BAC obtained all of MERS's rights and interests in the deed of trust (originating from the Lender, Countrywide), including the 'right to foreclose and sell the Property.'").

Here, MERS assigned the Deed of Trust to U.S. Bank. *See* **Ex. A**. Plaintiff agreed to the Deed of Trust, which expressly grants MERS the authority to execute such an assignment. (*See* Doc. 1-2 at 6 (stating that MERS has the right to exercise any interest and take any action required of Lender).) The Fifth Circuit clearly recognizes MERS's authority, as beneficiary, to assign the Deed of Trust. *See, e.g.*, *Rojas*, 571 F. App'x at 278; *Farkas*, 737 F.3d at 342. Moreover, the Fifth Circuit additionally recognizes Plaintiff's lack of standing to challenge a facially valid assignment on the basis that the individual who assigned the mortgage to U.S. Bank lacked actual authority to execute the transaction. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013) (concluding that the plaintiffs lacked standing to

assert this argument because, under Texas law, "a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal."). Therefore, Plaintiff's claims, premised on MERS's lack of authority to assign the Deed of Trust, also fail as a matter of law.[4]

## C. PLAINTIFF'S QUIET TITLE CLAIM FAILS

Plaintiff purports to bring a quiet title claim under "The Quiet Title Act, 28 U.S.C. § 2409a." *See* Complaint, ¶¶ 70–71. However, "Section 2409a is only relevant to actions in which the United States is a party, because it serves as a limited waiver of the United States' sovereign immunity." *Townsend v. Bank of Am.*, No. H-12-3568, 2013 WL 5755245, at *3 (S.D. Tex. Oct. 23, 2013). Specifically, Section 2409a applies "in a civil action . . . to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). Because the United States is not a party to the suit at bar, Section 2409a has no bearing on this case. *Townsend*, 2013 WL 5755245, at *3.

Nevertheless, to the extent Plaintiff is attempting to assert a quiet title action based on Texas law, it too fails. "A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 633 (5th Cir. 2013) (internal quotations

---

[4] Plaintiff additionally alleges that MERS "filed a federal Form 1099-C with the Internal Revenue Service (IRS) and the Securities Exchange Commission (SEC) on subject premises discharging any known debt on subject premises." *See* Complaint, ¶ 29. The allegation is nonsensical and does not appear to the form the basis for any alleged cause of action. As shown by the Deed of Trust, MERS is merely the nominee for the original lender and its successors and assigns and not owed any debt capable of being discharged. (Doc. 1-2 at 5.) Moreover, a 1099-C form does not discharge Plaintiff's debt. *See Seeberger Bank of Am., N.A. Ventures Tr. 2013 I.H.R.*, No. EP-14-CV-366-KC, 2015 WL 9200878, at *15 (W.D. Tex. Dec. 16, 2015) ("To the extent Plaintiffs claim that the IRS Form 1099-C constitutes an assertion that Plaintiffs' debts in connection with the First and Second Notes were discharged, this argument is unavailing because 'a 1099–C does not discharge debtors from liability.'" (quoting *Capital One, N.A. v. Massey,* No. 4:10-CV-01707, 2011 WL 3299934, at *3 (S.D. Tex. Aug. 1, 2011)); *see also FDIC v. Cashion,* 720 F.3d 169, 178-80 (4th Cir. 2013) (concluding "that filing a Form 1099–C is a creditor's required means of satisfying a reporting obligation to the IRS; it is not a means of accomplishing an actual discharge of debt, nor is it required only where an actual discharge has already occurred").

omitted). An action to quiet title requires proof of Plaintiff's "superior title" to the property in issue. *Id.* at 633 (providing that because plaintiff's challenge to the validity of the assignment of the deed of trust "merely questions [which entity] has authority" to enforce the deed of trust, and does not assert superior title, the plaintiff "fails to advance a plausible quiet-title claim"); *Khan v. Wells Fargo Bank, N.A.*, No. 4:12-CV-1116, 2013 WL 5323098, at * 7 (S.D. Tex. Sept. 20, 2013) (plaintiff's argument that the assignment of the deed of trust was invalid is insufficient to establish a claim for quiet title without evidence of superiority of the plaintiff's own title) *Herrera v. Wells Fargo Bank, N.A.*, Civ. A. No. H-13-68,2013 WL 961511, at *9 (S.D. Tex. Mar. 12, 2013) (holding that a plaintiffs' attacks on the mortgagee's authority to foreclose on the property are "not relevant" to a claim to quiet title); *Bell v. Bank of Am. Home Loan Servicing LP*, Civ. A. No. 4:1l-CV-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (collecting cases).

Here, Plaintiff's quiet title claim against Defendants is premised on the previously discussed show-me-the-note theory and the contention that MERS's lacked authority to assign the Deed of Trust, both of which fail as a matter of law. *See supra* Part III.A. The Deed of Trust and Assignment conclusively establish that U.S. Bank has a valid, subsisting, and superior interest in the Property. *See id.* Therefore, Plaintiff's quiet title claim and corresponding request for relief fails as a matter of law.

**D.    THE CLAIM FOR VIOLATIONS OF THE TDCA FAIL AS A MATTER OF LAW**

Plaintiff appears to allege that U.S. Bank violated Section 392.202(b)(2) of the TDCA for allegedly failing to failing to validate the debt it seeks to collect. *See* Complaint, ¶ 46. The TDCA prohibits debt collectors from using threats, coercion, and other wrongful practices in the collection of consumer debts. *See Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). To state a TDCA claim, Plaintiff must show the following: (1) the debt at issue is a consumer

debt; (2) Pacific Union is a debt collector within the meaning of the TDCA; (3) Pacific Union committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as a result of the alleged wrongful act. *See* TEX. FIN. CODE §§ 392.001, *et seq.* The TDCA, however, does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3); *Sweet v. Wachovia Bank & Trust Co.*, No. 3:03-CV-1212-R, 2004 WL 1238180, at *3 (N.D. Tex. Feb. 26, 2004).

Here, Section 392.202 of the TDCA requires a third-party debt collector to validate a debt when a borrower challenges the accuracy of that debt. TEX. FIN. CODE § 392.202; *Segatto v. JPMorgan Chase Bank, N.A.*, No. 4:16-CV-00712-ALM, 2016 WL 7664306, at *3 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, 2017 WL 67944 (E.D. Tex. Jan. 6, 2017) (rejecting similar allegations ). The TDCA defines a "third-party debt collector" as:

> a debt collector, as defined by 15 U.S.C. Section 1692a(6), but does not include an attorney collecting a debt as an attorney on behalf of and in the name of a client unless the attorney has nonattorney employees who: (A) are regularly engaged to solicit debts for collection; or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts.

TEX. FIN. CODE § 392.001(7). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

As an initial matter, Plaintiff has failed to allege that U.S. Bank fulfills this definition of a third-party debt collector, and as a result, the TDCA claim fails on this basis alone. *See generally* Complaint. But even assuming that U.S. Bank qualifies as a third-party debt collector, to trigger any obligation under Section 392.202, Plaintiff has failed to plead any facts that any purported "requests for VALIDATION OF DEBT" qualified as proper requests under Section

392.202 to trigger any required response. *See Breitling v. LNV Corp.*, No. CV 3:15-CV-0703-B, 2015 WL 5896131, at *5 (N.D. Tex. Oct. 5, 2015) (stating that a third-party debt collector is required to either investigate the validity of a debt or cease collection efforts until such an investigation has been completed only "upon a proper request" from the debtor). Plaintiff also fails to allege whether or not U.S. Bank reported "information related to the dispute to a credit bureau" or the details of the alleged dispute or inaccuracy. *See* TEX. FIN. CODE. § 392.202(a). Consequently, the Section 392.202 claim fails and should be dismissed.

Simply put, bare-bones and conclusory allegation that U.S. Bank violated the TDCA is not entitled to the presumption of truth and is insufficient to state a TDCA claim. *See Iqbal*, 556 U.S. at 677; *Blackburn*, 42 F.3d at 931. Therefore, the TDCA claim fails as a matter of law and should be dismissed with prejudice.

**E.     DEFENDANTS DO NOT OWE PLAINTIFF A DUTY OF GOOD FAITH AND FAIR DEALING AS A MATTER OF LAW**

Even though Plaintiff challenges U.S. Bank's interest in her loan and its ability to collect on the note, Plaintiff ironically contends that U.S. Bank also owes her duty of good faith and fair dealing—which she contends U.S. Bank breached by sending a notice of default with a "usurious amount of interest" and not responding to her request to clarify the amounts. *See* Complaint, ¶ 47. It is well established, however, that neither a mortgagor nor a mortgagee owe a borrower a duty of good faith and fair dealing as a matter of law.

"Under Texas law, a duty of good faith is implied only in contracts involving a special relationship marked by shared trust or an imbalance in bargaining power, which ordinarily does not include a mortgagor and mortgagee relationship." *Smith v. JPMorgan Chase Bank, N.A.*, 699 F. App'x 393, 395, (5th Cir. 2017) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990). However, "Texas courts have consistently held that the mortgagor-mortgagee relationship is not a special relationship that generally gives rise to a fiduciary duty." *Nichols v.*

*Wells Fargo Bank, N.A.*, No. 3:17-CV-02096-M-BH, 2018 WL 2164524, at *4 (N.D. Tex. Apr. 6, 2018), *report and recommendation adopted*, 2018 WL 2150993 (N.D. Tex. May 10, 2018) (dismissing claim for breach of an alleged duty of good faith and fair dealing because there is no special relationship between a mortgagee and mortgagor); *Sullivan v. Bank of America, N.A.*, No. 3:14-CV-3186-G, 2014 WL 6977093, at *5 (N.D. Tex. Dec. 10, 2014) (finding no special relationship between a mortgagor and mortgagee even though there was an "imbalance in bargaining power"). The same is also true of a loan servicer and mortgagor. *See, e.g.*, *Williams v. Fed. Nat. Mortg. Ass'n*, No. 2:11-cv-157-J, 2012 WL 443986 at *3 (N.D. Tex. Feb. 13, 2012).

Plaintiff has not alleged any facts showing that a "special relationship" existed between her and U.S. Bank such that a duty of good faith and fair dealing arose. Because no such duty exists as a matter of law between a mortgagee and a borrower, Plaintiff has failed to state a claim for a breach of the duty of good faith and fair dealing. *See, e.g.*, *Jacob v. BAC Home Loans Servicing*, No. 7:14-CV-036-DAE, 2015 WL 3407387, at *4 (W.D. Tex. May 26, 2015) (dismissing claim when Plaintiffs failed to allege "any facts or presented any evidence showing that a 'special relationship' existed between Plaintiffs and Defendant such that a duty of good faith and fair dealing arose."). Therefore, Plaintiff's claim should be dismissed with prejudice.

F. **ANY ALLEGED RESPA CLAIMS FAIL AS A MATTER OF LAW**

Without citing to any specific provision of RESPA, Plaintiff vaguely alleges that U.S. Bank ignored QWRs "dating back to 2014."[5] *See* Complaint ¶ 37. Plaintiff further contends that U.S. Bank violated the dual-tracking provisions of RESPA related to pursuing foreclosure while

---

[5] RESPA claims under § 2605 are subject to a three-year statute of limitations, with the limitations period running from the date of the alleged violation. *See* 12 U.S.C. § 2614. Plaintiff fails to allege when she sent QWRs and the date by which a response was due. Nevertheless, any alleged violations of RESPA based on the failure to respond to QWRs in 2014 would be barred by the statute of limitations as well as any violations that occurred more than three years prior to Plaintiff filing her Complaint. *See* 12 U.S.C. § 2614.

also evaluating a loan modification application. These allegations, however, fail to state a claim under RESPA as a matter of law.

### 1. Plaintiff's allegations related to the QWRs fail as a matter of law.

Section 2605(e) of RESPA provides that "[i]f any servicer of a federally-related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information *relating to the servicing of such loan,* the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days." 12 U.S.C. § 2605(e) (emphasis added). "RESPA further defines servicing as receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts or making the payments of principal and interest." *See Mahmood v. Bank of Am.*, *N.A.*, No. 3:11–CV–03504–M–BK, 2012 WL 527902, at *2 (N.D. Tex. Jan. 18, 2012) (citing § 2605(i)(3)). A plaintiff must also allege actual damages resulting from a violation of 12 § 2605. *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. Dec. 3, 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation."); *Smith v. JPMorgan Chase Bank, N.A.,* 519 F. App'x 861, 864 (5th Cir. 2013) (requiring a showing of "particular damages as a result" of the alleged RESPA violation); *Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 F. App'x 619, 620 (5th Cir. 2012) (holding that plaintiff could not recover on his RESPA claim because he did not allege what actual damages he suffered).

Plaintiff's vague allegations that U.S. Bank ignored a QWR is insufficient to state a claim as a matter of law—much less establish that any alleged correspondence actually qualified as a QWR under RESPA. Notably missing from the Complaint are any allegations that the alleged QWR "included information that enabled [U.S. Bank] to identify the name and account of the borrower or that it included a statement of reasons for the belief that the account was in error." *See Mayo v. PNC Mortg.*, No. 3:16-CV-0964-G, 2016 WL 8711202, at *2 (N.D. Tex. Oct. 28,

2016) (dismissing RESPA claim when Plaintiff failed to allege that the purported QWR met the requirements to qualify as a QWR under RESPA); *Beacham*, 2012 WL 2358299, at *3 (same); *Solis v. U.S. Bank, N.A.*, No. H-16-00661, 2017 WL 4479957, at *3 (S.D. Tex. June 23, 2017) (dismissing RESPA claim when borrowers "failed to plead they sent anything resembling a written statement (or required information therein) to U.S. Bank regarding the alleged error."). Plaintiff also fails to allege the date that the alleged QWR was sent to U.S. Bank, the date that it was required to reply, or that Plaintiff suffered actual damages from the alleged violation under RESPA. *Id.*

Consequently, Plaintiff's claim that U.S. Bank violated RESPA by failing to respond to any purported QWR cannot state a RESPA claim as a matter of law and should be dismissed with prejudice.

### 2. Plaintiff's dual-tracking allegations fail to state a claim.

"Dual tracking is the term given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016) (internal citations omitted). Section 1024.41(g) prohibits dual tracking but only applies where "a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale." *Id.* Critical to a claim for a violation of Section 1024.41(g) is that (1) a complete loss mitigation application was submitted more than 37 days before a foreclosure sale and (2) the alleged violation resulted in actual damages. *See id.*; *see also Rodriguez v. Bank of Am. N.A.*, No. 4:16-CV-194, 2016 WL 4718177, at *3 (S.D. Tex. Aug. 8, 2016), *report and recommendation adopted*, 4:16-CV-194, 2016 WL 4718195 (S.D. Tex. Sept. 8, 2016) ("Plaintiffs' claim for violation of Section 1024.41(g) also fails as a matter of law because they do not allege actual damages as a result of the violation.").

Here, Plaintiff fails to allege that she submitted a *complete* loss mitigation application more than 37 days before any scheduled foreclosure sale. *See generally* Complaint. Rather, Plaintiff alleges that she "has finally received documentation dated February 26, 2018 from Defendant-US BANK agent Michelle Collignon, as to pending approval of a loan modification" and references the Court to her Exhibit H. *See* Complaint, ¶ 52. However, that exhibit actually demonstrates that she has *failed* to submit a *complete* application as of February 26, 2018. (*See* Doc. 11 at 55.) Exhibit H provides: "The Evaluator is requesting three additional pay checks stubs . . . . We are also in need of a letter of explanation for the number of months the mortgagor gets paid out of the year." (*See* Doc. 11 at 55.)

### 3. Plaintiff fails to allege any actual damages.

The RESPA claim fails because Plaintiff has failed to allege any actual damages resulting from any alleged violation of Section 1024.41(g). *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x. 861, 864 (5th Cir. 2013) (requiring a showing of "particular damages as a result" of the alleged RESPA violation); *Whittier v. Ocwen Loan Servicing, L.L.C.,* 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation."); *Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 F. App'x. 619, 620 (5th Cir. 2012) (holding that plaintiff could not recover on his RESPA claim because he did not allege what actual damages he suffered); *Avila v. JPMorgan Chase Bank, N.A.*, No. CIV.A. H-14-3502, 2015 WL 1648940, at *3 (S.D. Tex. Apr. 13, 2015) ("[T]o survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege actual damages resulting from a violation [of RESPA]."). Therefore, the RESPA claim fails as a matter of law and should be dismissed.

### G. THE REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DENIED

A request for injunctive relief is not a cause of action itself, but depends on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445,

at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie,* 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). "Injunctive relief is simply a form of equitable remedy." *Id.*; *see also Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead viable underlying cause of action). Similarly, a request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-171 (5th Cir. 1990); *Wigginton v. Bank of N.Y. Mellon*, No. 3:10–CV–2128–G, 2011 WL 2669071, at *5 (N.D. Tex. July 7, 2011). Because Plaintiff has not asserted any viable causes of action against Defendants, Plaintiff is not entitled to any declaratory or injunctive relief and such requests should be denied.

### H. DISMISSAL WITH PREJUDICE IS APPROPRIATE

Although "a court should freely give [a party] leave" to amend pleadings "when justice so requires," FED. R. CIV. P. 15(a), a court should deny leave to amend when the amendment, if granted, will be futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Federal Rule 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). As demonstrated herein, Plaintiffs' claims fail as a matter of law, and as a result, allowing them to file an amended pleading would be futile. Therefore, the Court should dismiss this lawsuit with prejudice.

### IV.
### CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this Motion to Dismiss and dismiss Plaintiff's claims with prejudice. Defendants further prays that the Court grant all other and further relief in law or in equity to which it may be entitled.

Respectfully submitted,

  /s/ *Daniel Durell*
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile:  (214) 740-8800

**Daniel Durell**
  State Bar No. 24078450
  daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Avenue, Suite 2200
Austin, Texas 78701-3055
Telephone: (512) 305-4700
Facsimile:  (512) 305-4800

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Plaintiff pursuant to the Federal Rules of Civil Procedure as indicated below on this 21st day of May, 2018:

**U.S. MAIL AND CMRRR**
Eleisa K. Jordan
2005 Santa Barbara Court
Round Rock, Texas 78665
*Plaintiff, Pro se*

  */s/ Daniel Durell*
  Daniel Durell