IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ELEISA K. JORDAN,<br>      Plaintiff,<br><br>v.<br><br>U.S. BANK HOME MORTGAGE,<br>U.S. BANK, N.A., **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MERSCORP HOLDINGS, INC., CMC HOME LENDING,**<br>      Defendants. | A-18-CV-197-LY-ML<br><br>Honorable U.S. District<br>Judge Lee Yeakel;<br>Magistrate Judge Lane<br><br>Subject Premises:<br>2005 Santa Barbara Court,<br>Round Rock, Texas 78665<br><br>-CIVIL ACTION- |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

### FACTS COMMON TO ALL ISSUES

1. That **Plaintiff**, Eleisa K. Jordan, filed her Verified Complaint on 3/5/18, is a resident of **Round Rock, Texas**, a citizen in the **State of Texas**, and one who resides in the County of Williamson in Texas.

2. That Defendant **US BANK HOME MORTGAGE**, filed their Motion to Strike Plaintiff's Amended Complaint on 1/24/19, is a resident of **Bloomington, Minnesota** and operates as a subsidiary of U.S. Bancorp.

3. That Defendant **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** known as **"MERS"**, a wholly-owned subsidiary of MERSCORP Holdings, and a resident of **Reston, VA**, did jointly file, with Defendant U.S. Bank, it's Motion to Strike Plaintiff's Amended Complaint on same date, 1/24/19.

4. That Defendant **CMC HOME LENDING**, is a resident of <u>Houston, Texas</u> and currently is running its' core business from 13100 Northwest Freeway, Suite 200B in Houston, TX 77040.

5. That Defendants are diverse in residency and it is proper that diversity jurisdiction apply in this matter pursuant 28 U.S.C. § 1332 and further, the amount in controversy exceeds $75,000. <u>WHITE v. FCI USA, INC.</u> | 319 F.3d 672 (2003).

7. That this matter is one of controversy over title, interest, rights and possession on afore-mentioned subject premises, which holds a minimum market value of $200,000.00 or more, at this point, and Plaintiff does seek relief and damages that will easily exceed $75,000 as the parties are wholly diverse in residency.

8. That the said property is the primary residence of the Plaintiff and is legally described as:

> LOT 27, BLOCK J, OF PALOMA LAKE SECTION 3A, A SUBDIVISION IN WILLIAMSON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT, OF RECORD IN DOCUMENT NUMBER 2011059844, OF WILLIAMSON COUNTY, TEXAS, AS CORRECTED BY AFFIDAVIT RECORDED UNDER DOCUMENT NUMBER 2012048688, OF THE OFFICIAL PUBLIC RECORDS OF WILLIAMSON COUNTY, TEXAS.

and also known as

> 2005 SANTA BARBARA COURT, ROUND ROCK, TEXAS 78665
> [Property Address]

9. That on or about 1/12/2019, this honorable court accepted and inserted into the record, Plaintiff's First Amended Complaint, in direct compliance by Plaintiff with this court's 12/27/18 ruling.

10. That on or about 2/14/2019, Plaintiff filed their **Motion for Leave to File Amended Complaint** *Instanter* to expediently correct the minor procedural error of not formally requesting leave of this honorable and fair court.

11. That, thus far, Plaintiff has been a Pro Se litigant, whose pleadings must be viewed in a light most favorable to the Pro Se Litigant as the Pro Se Litigant is not held to the same standards as a learned Attorney Counselor long schooled in the art and practice of the Law. *Conley v. Gibson* 355 U.S. 41 at 46-47 (1957 case). Also see *Hughs v. Rowe*, 449 U.S. 5 at 10 and *U.S. v. Gaubert* 113 L.,Ed. 2nd 335 (1991 case).

12. That Plaintiff understood this honorable court's ruling on or about 12/27/2018 to have granted Plaintiff leave to amend their Complaint.

# ARGUMENT

13. That pursuant Rule 15, a party may **amend its** pleading as a matter of course and this honorable court should *freely* give leave when justice so requires. **Moore v. Baker**, 989 F.2d 1129, 1131 (11th Cir. 1993)). A court may consider many factors... (***Florida Foundation Seed Producers, Inc. v. Georgia Farms Services***, LLC, No. 1:10-CV-125, 2012 WL 4840809, at *21 (M.D. Ga. Sept. 28, 2012) (Sands, J.)) (citing **Nat'l Serv. Indus., Inc. v. Vafla Corp.**, 694 F.2d 246, 249 (11th Cir. 1982)). 10 Id. (quoting *Grassegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988)). (citing **Foman v. Davis**, 371 U.S. 178, 182 (1962)).

14. That Plaintiff faithfully and rightfully relied upon Federal Rule of Civil Procedure 15(a)(2), by which "a party may amend its pleading upon......[ ] the court's leave. In accord, Plaintiff desired to swiftly comply which then resulted in their procedural misstep.

15. That defendant's Motion to Strike is nothing more than a baseless procedural tactic, often deployed, to avoid a fair judicial system firmly in place to bear out truth, justice and equity.

16. That a justifying reason must be apparent for denial of a motion to amend. **Moore v. Baker**, 989 F.2d 1129, 1131 (11th Cir. 1993)); And a court must consider such factors as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Id. (citing **Foman v. Davis**, 371 U.S. 178, 182 (1962)).

17. That Plaintiff has absolutely **not** caused undue delay, exhibited any form of bad faith, or held a dilatory motive and as important, she he has never had a repeated failure to cure deficiencies.

18. Therefore, Plaintiff should be viewed as a normally compliant litigant seeking to have her meritorious claim fully heard and ruled on based on the merits and truth, not technical errors.

19. Furthermore, it is well settled law that...."Unless a substantial reason exists to deny leave to amend, the discretion of the district court is **not** broad enough to permit denial." *Florida Foundation Seed Producers, Inc. v. Georgia Farms Services, LLC*, No. 1:10-CV-125, 2012 WL 4840809 (citing **Shipner v. Eastern Air Lines, Inc.**, 868 F.2d 401, 407 (11th Cir. 1989) (internal quotation marks omitted)). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)

20. That should Plaintiff's Amended Complaint be allowed, Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore deny Defendant's motion to strike.

21. That Plaintiff asserts that Defendant is only seeking to subvert justice in their end-run pursuit to a premature summary judgement and to improperly proceed and prevail on a traditional summary-judgment motion, as unjustly often occurs against pro se litigants.

22. That a movant, such as the Defendant in this matter, must show that no genuine issue of material fact exists and that it is entitled to said judgment as a matter of law. **Tex. R. Civ. P. 166a(c)**.

23. That minor procedural missteps should not result in outright forfeiture of a Plaintiff's judicial and constitutional rights where simple technical correction suffices, as opposed to a harsh remedy of striking meritorious pleadings.

24. Further, a movant must fully negate essential elements of a cause of action before drastic measures of dismissal. And Defendant fails to negate essential elements of this case before this honorable court. See *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)(citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)).

25. That it would be manifestly unjust to grant Defendants motion to strike as they only aim to impede Plaintiff's right to fairness and their due and lawful day in court. Plaintiff moved swiftly to file these papers once she became aware of procedural error. There is no undue delay.

26. That Plaintiff respectfully and with merit requests that this honorable court keep with precedence and deny Defendant's Motion to Strike Plaintiff's Amended Complaint.

## CONCLUSION

**WHEREFORE**, based upon the aforesaid sound reasons, Plaintiff requests:
1. That this honorable court deny Defendant's 1/24/2019 Motion to Strike.
2. That this honorable court require Defendants to remain in compliance so as to properly and judicially proceed this matter in accord with our laws.
3. That this honorable court grant Plaintiff any and all relief deemed just.

Eleisa K. Jordan, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ELEISA K. JORDAN,**<br>Plaintiff,<br><br>v.<br><br>**U.S. BANK HOME MORTGAGE,**<br>U.S. BANK, N.A., **MORTGAGE**<br>**ELECTRONIC REGISTRATION**<br>**SYSTEMS, INC. MERS**CORP HOLDINGS,<br>INC., CMC HOME LENDING,<br>Defendants. | A-18-CV-197-LY-ML<br><br>Honorable U.S. District<br>Judge Lee Yeakel;<br>Magistrate Judge Lane<br><br>Subject Premises:<br>2005 Santa Barbara Court,<br>Round Rock, Texas 78665<br><br>-CIVIL ACTION- |

## AFFIDAVIT OF ELEISA K. JORDAN

I, **ELEISA K. JORDAN**, on oath, states the following;

1. That I am the Plaintiff in this matter.
2. That I am personally and intimately aware of all of the pertinent facts in this matter.
3. That this matter regarding title, interest and possession on my home is of paramount and dire importance in my life and to my existence.
4. That all statements made in this RESPONSE and within this affidavit are true and accurate to the best of my knowledge.
5. That Plaintiff has filed this response timely in accordance with Federal Rules of Civil Procedure and Texas code, and as a matter of judicial, statutory and constitutional right.

**AFFIANT FURTHER SAYETH NAUGHT.**

By _____
Eleisa K. Jordan

# SERVICE LIST

**U.S. BANK HOME MORTGAGE**
17500 Rockside Road
Bedford Ohio 44146-2099


**U.S. BANK HOME MORTGAGE**
P.O. Box 21948
Eagen, Minnesota 55121


**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**
**MERSCORP HOLDINGS, INC.,**
1818 Library St,
Reston, VA 20190


**CMC LENDING**
1177 West Loop South, Suite 250
Houston, Texas 77027

RECEIVED
FEB 2 1 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ELEISA K. JORDAN,<br>Plaintiff,<br><br>v.<br><br>U.S. BANK HOME MORTGAGE,<br>U.S. BANK, N.A., **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MERSCORP HOLDINGS, INC., CMC HOME LENDING,**<br>Defendants. | A-18-CV-197-LY-ML<br><br>Honorable U.S. District<br>Judge Lee Yeakel;<br>Magistrate Judge Lane<br><br>Subject Premises:<br>2005 Santa Barbara Court,<br>Round Rock, Texas 78665<br><br>-CIVIL ACTION- |

## NOTICE OF MOTION

TO: SEE SERVICE LIST HEREIN ATTACHED

**PLEASE TAKE NOTICE** that I have caused to be heard in the United States District Court for the Western District of Texas in the Austin Division, the attached **Plaintiff's Response in Opposition to Defendant's Motion to Strike**, DATED at Round Rock, Texas, this 15th Day of February, 2019.

## CERTIFICATE OF SERVICE

The undersigned, a Pro Se Litigant, certifies that on the 15th day of February, 2019, a true and correct copies of the foregoing Plaintiff's Motion. A holiday, Presidents Day, affects the mailing of this filing.

_/s/ Eleisa K. Jordan_

Eleisa K. Jordan
2005 Santa Barbara Court
Round Rock, Texas 78665
(512) 775-0910

EK Jordan
2005 Santa Barbara Ct
Round Rock, TX 78665

**CERTIFIED MAIL®**

7018 1130 0000 8870 7117

U.S. District Court, Western District (Texas)
501 West 5th Street
Austin, TX 78701




U.S. POSTAGE PAID
FCM LETTER
ROUND ROCK, TX
78664
FEB 19, 19
AMOUNT
$4.20
R2304E106766-22

FEB 21 2019
SCREENED BY C