IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ELEISA K. JORDAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| U.S. BANK HOME MORTGAGE, U.S. | § | Civil Action No. 1:18-cv-00197-LY |
| BANK, N.A., MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| MERSCORP HOLDINGS, INC., CMC | § | |
| HOME LENDING, AQUA FINANCE, U.S. | § | |
| DEPARTMENT OF HOUSING AND | § | |
| URBAN DEVELOPMENT, FEDERAL | § | |
| HOUSING ADMINISTRATION, AND | § | |
| "UNKNOWN OWNERS" | § | |
| | § | |
| Defendant. | § | |

**DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP HOLDINGS, INC., AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP Holdings, Inc.[1], and U.S. Bank National Association[2] ("U.S. Bank") (collectively, "Defendants") file this Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion to Dismiss"), and respectfully show the Court as follows:

---

[1] MERSCORP Holdings, Inc. is the parent company of Mortgage Electronic Registration Systems, Inc. Plaintiff fails to allege any claims or target any allegations specifically to MERSCORP Holdings, Inc.

[2] U.S. Bank Home Mortgage is a division of U.S. Bank National Association.

## I. INTRODUCTION

Plaintiff filed this lawsuit in this Court on March 5, 2018, to preclude the foreclosure of her home located at 2005 Santa Barbara Court, Round Rock, Texas (the "Property"). (Doc. 1.) On March 7, 2019, the Court adopted the Report and Recommendation of United States Magistrate Judge, which recommended that (1) Defendants' Motion to Dismiss be granted and (2) Plaintiff be granted leave to file an amended complaint. (Doc. 34.) The Court additionally ordered that Plaintiff's First Amended Complaint (Doc. 28) is the live pleading before the Court. (*See* Doc. 34.) As shown herein, the Court should determine, again, that Plaintiff has failed to state a claim against Defendants upon which relief may be granted and this lawsuit should be dismissed with prejudice.

## II. BACKGROUND

The First Amended Complaint appears to be based on the same allegations as Plaintiff's initial pleading—Plaintiff asserts that she seeks "relief and remedy for federal (and state) violations" related to "Defendants['] misdeeds and unlawful acts in attempting to adversely possess Plaintiff's sole and primary residence." (Doc. 28, ¶ 1.) In short, she contends that:

- "Defendants unlawfully claim rights and title . . . by virtue of false and misleading documents . . . ." (Doc. 28, ¶ 22)

- The assignment to U.S. Bank is "invalid in that the Defendant never loaned money . . . ." (*Id.*, ¶ 23)

- U.S. Bank "holds no interest nor rightful title to the subject premises . . . ." (*Id.*, ¶ 25)

- "MERS holds no interest nor rightful title . . . ." (*Id.*, ¶ 29)

- "Defendants did breach their duty of good faith and fair dealing to the Plaintiff . . . . (*Id.*, Count I (¶ 1), II (¶ 18))

- U.S. Bank "breached that duty . . . by (a) sending a notice of default that listed an excessive amount of principal and usurious interest and (b) not responding to her prior requests to clarify the amounts due under the note." (*Id.*, Count II (¶ 20))

- "Defendants are guilty of dishonest dealings as it pertains to Plaintiff in this matter (*Id.*, Count III (¶ 24))

- "Defendants have been demanded but cannot produce any evidence of a valid transfer or equitable interest that they are in compliance with Article 9 . . . ." (*Id.*, Count III (¶ 25))

The pertinent loan documents which Plaintiff refers to and relies on in the First Amended Complaint reflect that Plaintiff executed a Deed of Trust (the "Deed of Trust") on November 9, 2012, that secured a note in the principal amount of $238,920.00 in favor of the Lender on the Property. (Doc. 1-2 at 5–14). MERS is identified as the beneficiary of the Deed of Trust solely as nominee for the Lender and the Lender's successors and assigns. (Doc. 1-2 at 5.) On October 1, 2015, MERS, in its capacity as nominee for the Lender under the Deed of Trust, assigned the Deed of Trust to U.S. Bank (the "Assignment").[3] *See* **Ex. A**.

Based on at least some of these allegations, Plaintiffs alleges four separate counts for (1) "Violation of U.C.C. § 1-203," (2) "Breach of Good Faith and Fair Dealing – Violation of Section 1.28 of the Texas Uniform Commercial Code and Section 205 of Restatement (Second) of Contract," (3) "Bad Faith Claim – Violation of U.C.C. § 1-201(b)," and (4) Violation of FHA/HAMP Guidelines – Prohibited Dual Tracking." (Doc. 28 at 6–12.) Counts 1–3 are iterations of Plaintiff's claim for breach of the duty of good faith and fair dealing alleged in her original complaint, which was addressed in the Motion to Dismiss. (Docs. 1 at 9 (¶ 48) & 18 at 11–12.) Count 4 is a reiteration of her RESPA claim alleged in her original complaint, which was also addressed in the Motion to Dismiss. (Docs. 1 at 9 (¶¶ 53–58) & 18 at 12–15.)

---

[3] A true and correct copy of the Assignment from MERS to U.S. Bank is attached hereto and incorporated by reference as **Exhibit A**. The Assignment constitutes a public record filed in the official public records of Williamson County, Texas, and is referenced in the Complaint. *See* Complaint, ¶¶ 24–25. Thus, pursuant to Federal Rule of Evidence 201, Defendants respectfully request that the Court take judicial notice of the Assignment. *See* FED. R. EVID. 201(b); *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

As shown below, Plaintiff's claims fail as a matter of law for and this lawsuit should be dismissed with prejudice.

### III.     ARGUMENT AND AUTHORITIES

**A.     STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Torch Liquidating Tr. v. Stockstill,* 561 F.3d 377, 384 (5th Cir. 2009) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish

"more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 677. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 678–79. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

The "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). A pro se litigant "acquires no greater rights than a litigant represented by a lawyer . . . ." *Id.* "Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure." *Id.* Thus, pro se litigants are expected to comply with the rules of pleading and even a liberally construed pro se plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

### B. CLAIMS PREMISED ON THE ASSIGNMENT TO U.S. BANK FAIL AS A MATTER OF LAW

Plaintiff appears to have dropped her show-me-the-note and split-the-note theories in her Amended Complaint. (*See generally* Doc. 28.) Nevertheless, Plaintiff still complains that U.S. Bank has no interest in the property and seeks to have all claims to her title be declared illegal and void. (*Id.*, ¶¶ 22–23, 25.) However, long-standing Texas law and publicly recorded documents demonstrate that U.S. Bank is the current mortgagee under the Deed of Trust as evidenced by the Assignment. Consequently, Plaintiff's allegations related to an invalid assignment to U.S. Bank fail to state any claim as a matter of law.

Here, there is no question that U.S. Bank is the mortgagee, as the Assignment unequivocally reveals that MERS assigned the Deed of Trust to U.S. Bank. *See* **Ex. A;** TEX. PROP.

CODE § 51.0025 (defining mortgagee); *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 757 (N.D. Tex. 2013). U.S. Bank is not required to prove that it has possession of the original note in order to nonjudicially foreclose on the Property. *See, e.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013). Therefore, Plaintiff's requested quiet-title relief fails as a matter of law.

### C. MERS Unquestionably has Authority to Assign the Deed of Trust as a Matter of Texas Law

Before alleging her four causes of action, Plaintiff's argument turns to MERS's alleged lack of authority to assign the Deed of Trust because "as nominee, [it] never at any time acquired any interest." (*See* Doc. 28, ¶ 28.) However, the Fifth Circuit and Texas state courts have repeatedly held that MERS, acting as a nominee for the lender, may assign a deed of trust and its assignee has the authority to nonjudicially foreclose. *See, e.g.*, *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014) ("We have repeatedly rejected similar attempts to challenge an assignee's standing to foreclose under an assignment from MERS."); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("MERS and its assigns [are permitted] to bring foreclosure actions under the Texas Property Code."); *Martins*, 722 F.3d at 253 (5th Cir. 2013); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *5 (Tex. App.—Austin Aug. 30, 2012, pet. denied) ("When MERS executed the assignment to BAC, BAC obtained all of MERS's rights and interests in the deed of trust (originating from the Lender, Countrywide), including the 'right to foreclose and sell the Property.'").

Here, MERS assigned the Deed of Trust to U.S. Bank. *See* **Ex. A**. Plaintiff agreed to the Deed of Trust, which expressly grants MERS the authority to execute such an assignment. (*See* Doc. 1-2 at 6 (stating that MERS has the right to exercise any interest and take any action required of Lender).) The Fifth Circuit clearly recognizes MERS's authority, as beneficiary, to assign the Deed of Trust. *See, e.g.*, *Rojas*, 571 F. App'x at 278; *Farkas*, 737 F.3d at 342. Moreover, the Fifth

Circuit additionally recognizes Plaintiff's lack of standing to challenge a facially valid assignment on the basis that the individual who assigned the mortgage to U.S. Bank lacked actual authority to execute the transaction. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013) (concluding that the plaintiffs lacked standing to assert this argument because, under Texas law, "a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal."). Therefore, Plaintiff's claims, premised on MERS's lack of authority to assign the Deed of Trust, also fail as a matter of law.[4]

### D. PLAINTIFF'S QUIET TITLE CLAIM FAILS

To the extent Plaintiff is attempting to assert a quiet title action based on Texas law, it too fails. "A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 633 (5th Cir. 2013) (internal quotations omitted). An action to quiet title requires proof of Plaintiff's "superior title" to the property in issue. *Id.* at 633 (providing that because plaintiff's challenge to the validity of the assignment of the deed of trust "merely questions [which entity] has authority" to enforce the deed of trust, and does not assert superior title, the plaintiff "fails to advance a plausible quiet-title claim"); *Khan v. Wells Fargo Bank, N.A.*,

---

[4] Plaintiff additionally alleges that MERS "filed a federal Form 1099-C with the Internal Revenue Service (IRS) and the Securities Exchange Commission (SEC) on subject premises discharging any known debt on subject premises." *See* Complaint, ¶ 29. The allegation is nonsensical and does not appear to the form the basis for any alleged cause of action. As shown by the Deed of Trust, MERS is merely the nominee for the original lender and its successors and assigns and not owed any debt capable of being discharged. (Doc. 1-2 at 5.) Moreover, a 1099-C form does not discharge Plaintiff's debt. *See Seeberger Bank of Am., N.A. Ventures Tr. 2013 I.H.R.*, No. EP-14-CV-366-KC, 2015 WL 9200878, at *15 (W.D. Tex. Dec. 16, 2015) ("To the extent Plaintiffs claim that the IRS Form 1099-C constitutes an assertion that Plaintiffs' debts in connection with the First and Second Notes were discharged, this argument is unavailing because 'a 1099–C does not discharge debtors from liability.'" (quoting *Capital One, N.A. v. Massey,* No. 4:10-CV-01707, 2011 WL 3299934, at *3 (S.D. Tex. Aug. 1, 2011)); *see also FDIC v. Cashion,* 720 F.3d 169, 178-80 (4th Cir. 2013) (concluding "that filing a Form 1099–C is a creditor's required means of satisfying a reporting obligation to the IRS; it is not a means of accomplishing an actual discharge of debt, nor is it required only where an actual discharge has already occurred").

No. 4:12-CV-1116, 2013 WL 5323098, at * 7 (S.D. Tex. Sept. 20, 2013) (plaintiff's argument that the assignment of the deed of trust was invalid is insufficient to establish a claim for quiet title without evidence of superiority of the plaintiff's own title); *Herrera v. Wells Fargo Bank, N.A.*, Civ. A. No. H-13-68,2013 WL 961511, at *9 (S.D. Tex. Mar. 12, 2013) (holding that a plaintiffs' attacks on the mortgagee's authority to foreclose on the property are "not relevant" to a claim to quiet title); *Bell v. Bank of Am. Home Loan Servicing LP*, Civ. A. No. 4:1l-CV-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (collecting cases).

Here, Plaintiff's quiet-title claim against Defendants is premised on the previously discussed contention that U.S. Bank has no interest in the Deed of Trust and MERS lacked authority to assign the Deed of Trust—both of which fail as a matter of law. *See supra* Part III.B–C. The Deed of Trust and Assignment conclusively establish that U.S. Bank has a valid, subsisting, and superior interest in the Property. *See id.* Therefore, Plaintiff's quiet title claim and corresponding request for relief fails as a matter of law.

### E. DEFENDANTS DO NOT OWE PLAINTIFF A DUTY OF GOOD FAITH AND FAIR DEALING AS A MATTER OF LAW

Even though Plaintiff challenges U.S. Bank's interest in her loan and its ability to collect on the note, Plaintiff ironically contends that U.S. Bank also owes her duty of good faith and fair dealing in three of her four counts—which she contends U.S. Bank breached by sending a notice of default with a "usurious amount of interest" and not responding to her request to clarify the amounts. (Doc. 28, Counts I–III, ¶¶ 18, 20, 24.) It is well established, however, that neither a mortgagor nor a mortgagee owe a borrower a duty of good faith and fair dealing as a matter of law.

"Under Texas law, a duty of good faith is implied only in contracts involving a special relationship marked by shared trust or an imbalance in bargaining power, which ordinarily does not include a mortgagor and mortgagee relationship." *Smith v. JPMorgan Chase Bank, N.A.*, 699

F. App'x 393, 395, (5th Cir. 2017) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990). However, "Texas courts have consistently held that the mortgagor-mortgagee relationship is not a special relationship that generally gives rise to a fiduciary duty." *Nichols v. Wells Fargo Bank, N.A.*, No. 3:17-CV-02096-M-BH, 2018 WL 2164524, at *4 (N.D. Tex. Apr. 6, 2018), *report and recommendation adopted*, 2018 WL 2150993 (N.D. Tex. May 10, 2018) (dismissing claim for breach of an alleged duty of good faith and fair dealing because there is no special relationship between a mortgagee and mortgagor); *Sullivan v. Bank of America, N.A.*, No. 3:14-CV-3186-G, 2014 WL 6977093, at *5 (N.D. Tex. Dec. 10, 2014) (finding no special relationship between a mortgagor and mortgagee even though there was an "imbalance in bargaining power"). The same is also true of a loan servicer and mortgagor. *See, e.g.*, *Williams v. Fed. Nat. Mortg. Ass'n*, No. 2:11-cv-157-J, 2012 WL 443986 at *3 (N.D. Tex. Feb. 13, 2012).

Plaintiff's new contention in the First Amended Complaint that she is bringing the claim under the UCC, the Texas UCC, and the Restatement (Second) of Contracts does not alter this conclusion. (Doc. 28, Counts I–III.) The UCC—as adopted by the Texas Legislature though portions of the Texas Business and Commerce Code—does not apply to real property security transactions like Plaintiff's loan. *See Tremble v. Wells Fargo Home Mortg., Inc.*, 478 F. App'x 164, 166 (5th Cir. 2012) ("The UCC, however, does not govern the mortgage, a lien on real property."); *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.—San Antonio 1998, no pet.) ("Because the Deed of Trust places a lien on real property, it is not governed by the UCC."). Similarly, Section 205 of the Restatement (Second) of Contracts offers no such support. *See* RESTATEMENT (SECOND) OF CONTRACTS § 205 ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."); *City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000) ("[T]his Court has imposed an actionable duty of good faith and fair dealing only when there is a special relationship.") (emphasis added)); *Coleman*, 795

S.W.2d at 708-09 (Tex. 1990) ("The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith."); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983)) ("[A] duty of good faith and fair dealing does not exist in the context of all contractual relationships.").

Simply put, Plaintiff has not alleged any facts showing that a "special relationship" existed between her and U.S. Bank such that a duty of good faith and fair dealing arose. Because no such duty exists as a matter of law between a mortgagee and a borrower, Plaintiff has failed to state a claim for a breach of the duty of good faith and fair dealing. *See, e.g.*, *Jacob v. BAC Home Loans Servicing*, No. 7:14-CV-036-DAE, 2015 WL 3407387, at *4 (W.D. Tex. May 26, 2015) (dismissing claim when Plaintiffs failed to allege "any facts or presented any evidence showing that a 'special relationship' existed between Plaintiffs and Defendant such that a duty of good faith and fair dealing arose."). Therefore, Plaintiff's claim should be dismissed with prejudice.

F. **ANY ALLEGED RESPA CLAIMS FAIL AS A MATTER OF LAW**

Plaintiff contends that U.S. Bank violated the dual-tracking provisions of RESPA related to pursuing foreclosure while also evaluating a loan modification application. (Doc. 28, Count IV.) This allegation, however, fail to state a claim under RESPA as a matter of law. In addition, Plaintiff has failed to allege any actual damages resulting from any RESPA violation.

"Dual tracking is the term given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016) (internal citations omitted). Section 1024.41(g) prohibits dual tracking, but only applies where "a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale." *Id.* Critical to a claim for a violation of Section 1024.41(g) is that (1) a complete loss mitigation application was submitted more than 37 days before a foreclosure sale and (2) the alleged violation resulted in actual damages. *See id.*; *see also Rodriguez v. Bank of Am. N.A.*, No. 4:16-CV-194, 2016 WL

4718177, at *3 (S.D. Tex. Aug. 8, 2016), *report and recommendation adopted*, 4:16-CV-194, 2016 WL 4718195 (S.D. Tex. Sept. 8, 2016) ("Plaintiffs' claim for violation of Section 1024.41(g) also fails as a matter of law because they do not allege actual damages as a result of the violation.").

First, Plaintiff fails to allege that she submitted a *complete* loss mitigation application more than 37 days before any scheduled foreclosure sale. *See generally* Complaint. Rather, Plaintiff alleges that she "has finally received documentation dated February 26, 2018 from Defendant-US BANK . . . as to pending approval of a loan modification" and references the Court to her Exhibit H. *See* Complaint, ¶ 52. However, that exhibit actually demonstrates that she has *failed* to submit a *complete* application as of February 26, 2018. (*See* Doc. 11 at 55.) Exhibit H provides: "The Evaluator is requesting three additional pay checks stubs . . . . We are also in need of a letter of explanation for the number of months the mortgagor gets paid out of the year." (*See* Doc. 11 at 55.)

Second, the RESPA claim fails because Plaintiff has failed to allege any actual damages resulting from any alleged violation of Section 1024.41(g). *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x. 861, 864 (5th Cir. 2013) (requiring a showing of "particular damages as a result" of the alleged RESPA violation); *Whittier v. Ocwen Loan Servicing, L.L.C.,* 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation."); *Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 F. App'x. 619, 620 (5th Cir. 2012) (holding that plaintiff could not recover on his RESPA claim because he did not allege what actual damages he suffered); *Avila v. JPMorgan Chase Bank, N.A.*, No. CIV.A. H-14-3502, 2015 WL 1648940, at *3 (S.D. Tex. Apr. 13, 2015) ("[T]o survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege actual damages resulting from a violation [of RESPA]."). Therefore, the dual-tracking RESPA claim fails as a matter of law and should be dismissed.

## G. THE REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DENIED

A request for injunctive relief is not a cause of action itself, but depends on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie,* 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). "Injunctive relief is simply a form of equitable remedy." *Id.*; *see also Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead viable underlying cause of action). Similarly, a request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-171 (5th Cir. 1990); *Wigginton v. Bank of N.Y. Mellon*, No. 3:10–CV–2128–G, 2011 WL 2669071, at *5 (N.D. Tex. July 7, 2011). Because Plaintiff has not asserted any viable causes of action against Defendants, Plaintiff is not entitled to any declaratory or injunctive relief and such requests should be denied.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this Motion to Dismiss and dismiss Plaintiff's claims alleged in the First Amended Complaint with prejudice. Defendants further prays that the Court grant all other and further relief in law or in equity to which they may be entitled.

Respectfully submitted,

 /s/ *Daniel Durell*
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Daniel Durell**
  State Bar No. 24078450
  daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Avenue, Suite 2200
Austin, Texas 78701-3055
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Plaintiff pursuant to the Federal Rules of Civil Procedure as indicated below on this 12th day of March, 2019:

**U.S. MAIL AND CMRRR**
Eleisa K. Jordan
2005 Santa Barbara Court
Round Rock, Texas 78665
*Plaintiff, Pro se*

 /s/ *Daniel Durell*
Daniel Durell